Ernest McFADDEN, Plaintiff,

v.

GRAND UNION and Security Guard John Doe, Badge # 112, Defendants.

No. 93 Civ. 4841 (VLB).

United States District Court, S.D. New York.

March 4, 1994.

**62**

Ernest McFadden, pro se.

Joseph H. George, George Boeggeman, White Plains, NY, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This is a *pro se* litigation brought under 42 U.S.C. § 1983 based on alleged false arrest and restraint of plaintiff by a retailer and its security guard.[1] The incident was triggered by alleged abuse by plaintiff of Grand Union's facilities for accepting bottles for recycling and paying deposit refunds on the bottles; plaintiff was then arrested by the security guard and this litigation followed.

Plaintiff requested and the defendant Grand Union agreed to dismissal of the complaint against Grand Union, for the purpose of permitting plaintiff to proceed against Grand Union in state court. This left the security guard as the sole remaining defendant in this federal litigation. Plaintiff, however, has declined to dismiss the federal litigation and appears to wish to pursue the federal case absent Grand Union as a party. As outlined below, it appears unless good reason for a contrary position is set forth, that under Fed.R.Civ.P. 19 the entire dispute should be heard in state or federal court, not in both simultaneously.

### II

By memorandum order dated February 18, 1994 a motion for leave to amend the complaint to identify "John Doe" was denied without prejudice to renewal if adequate answers were furnished concerning the justification for pursuing litigation in both the federal and state systems concerning the same occurrence. That memorandum order also requested support for finding federal jurisdiction over the case in light of the absence of clear indications of state action under the Fourteenth Amendment and 42 U.S.C. § 1983.

Plaintiff has responded to the second question raised by the February 18 memorandum order, alleging that the security guard hired by the Grand Union (now dropped from the federal litigation) both arrested plaintiff for misconduct at the store, and also processed plaintiff's arrest at the Ramapo Police Department "only minutes later," thereby potentially establishing state action for purposes of 42 U.S.C. § 1983. Absent police personnel or departmental involvement, no state action necessary to support a federal claim would exist. See *Murray v. Wal-Mart*, 874 F.2d 555, 559 (8th Cir.1989).

### III

Plaintiff has not, however, addressed the question relating to the appropriateness of bifurcating litigation concerning the same events so that plaintiff's claim against Grand Union would be pursued in state court, while the same events are litigated in this court as to the security guard. This would appear contrary both to the goals of Fed.R.Civ.P. 1 (the "just, speedy and inexpensive" adjudication of every action) and to Fed.R.Civ.P. 19 (requiring joinder of parties needed for just adjudication).

Rule 19 requires joinder "if ... in the person's absence complete relief cannot be accorded among those already parties ..." If the security guard improperly exercised

---

1. Plaintiff appears to have requested the assistance of another inmate in pursuing his claims.

state power on behalf of a private entity, see authorities cited in *Suss v. ASPCA*, 823 F.Supp. 181 (S.D.N.Y.1993), complete relief could only be provided were both the guard and Grand Union joined.

Moreover, confusion would occur if (1) inconsistent rulings concerning the same facts were rendered in differing courts, or (2) both Grand Union and the security guard were held liable based on the same event, thus creating risks of double recovery or requiring further cross-litigation to determine which, if either, would be liable to the other for any judgment.

Consequently, it appears that plaintiff should elect to rejoin Grand Union as a party, in lieu of pursuing it in state court, or in the alternative dismiss the federal case and pursue both defendants in state court. Until that election is made or cause is shown as to why two overlapping litigations should be pursued in differing courts involving the same event. Until this is done, the case cannot properly proceed under Fed.R.Civ.P. 19 and it would be inappropriate to grant plaintiff's request to proceed with the federal suit against the security guard alone by amending the complaint to substitute the named guard for the current "John Doe" defendant in the caption.

### IV

If the federal, rather than state, litigation is to be pursued, plaintiff is advised to consider adding the relevant police department as a further defendant inasmuch as complete relief may be impossible, depending on the circumstances, absent its participation should state action be established.

SO ORDERED.